UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 9/12/2022
TIME: 2:04 p.m.
INITIALS: 21

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | CR. No. 2:21-cr-20129-TLP |
| TRAVIS TAYLOR, | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The following constitutes the plea agreement reached between the UNITED STATES, represented by JOSEPH C. MURPHY, JR., United States Attorney for the Western District of Tennessee, and RANEY IRWIN, Assistant United States Attorney, and the defendant, TRAVIS TAYLOR, represented by JOCELYN V. HENDERSON, defense counsel.

1.      TRAVIS TAYLOR agrees that he will enter a voluntary plea of guilty to Count 1 of the Indictment, which charges the defendant with receiving a firearm while under indictment for a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(n). This offense carries a maximum statutory punishment of imprisonment for not more than five (5) years, a fine of not more than $250,000, a period of supervised release for not more than three (3) years, and a mandatory special assessment of $100. TRAVIS TAYLOR agrees that he is pleading guilty because he is in fact guilty of the offense charged in COUNT 1 of the Indictment.

2. Pursuant to this agreement, the UNITED STATES agrees to recommend:

   a. That the defendant receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1;

   b. That the defendant be sentenced on the low end of the advisory guideline range as that range is determined by the Court;

   c. That following the said term of imprisonment, the defendant be placed on supervised release for a period of time to be determined by the Court;

   d. That the defendant be required to pay a fine, if ordered by the Court; and,

   e. That the defendant pay the mandatory special assessment fee of $100 per count, said amount due and owing as of the date sentence is pronounced.

3. TRAVIS TAYLOR understands that if the UNITED STATES receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, the UNITED STATES' position on acceptance of responsibility credit could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to U.S.S.G. § 3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit or impose a sentence as recommended by the UNITED STATES in this agreement shall not be a basis for TRAVIS TAYLOR to withdraw his guilty plea.

4.  Should it be judged by the UNITED STATES that the defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting, obstructing or impeding justice within the meaning of U.S.S.G. § 3C1.1 or has failed to make any court appearances in this case, from the date of the defendant's signing of the plea agreement to the date of the defendant's sentencing, or if the defendant attempts to withdraw his plea, the UNITED STATES will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the defendant would not release the defendant from this plea of guilty.

5.  TRAVIS TAYLOR understands that 18 U.S.C. § 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as it is within the applicable guideline range, or lower, whatever the guideline range might be. Further, defendant waives and gives up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255. This waiver is made in exchange for the concessions by the UNITED STATES as set forth in this agreement. The waiver in the paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

6.  TRAVIS TAYLOR agrees that this plea agreement constitutes the entire agreement between himself and the UNITED STATES and that no threats have been made to induce him to plead guilty. By signing this document, TRAVIS TAYLOR, acknowledges that he has read this agreement, has discussed it with his attorney and

3

understands it. TRAVIS TAYLOR acknowledges that he is satisfied with his attorney's representation.

FOR THE UNITED STATES:

JOSEPH C. MURPHY, JR.
UNITED STATES ATTORNEY

_____    __9 / 12 / 22__
RANEY IRWIN          Date
Assistant United States Attorney

_____    __9 / 12 / 22__
JOCELYN V. HENDERSON    Date
Attorney for Defendant

_____    __9 / 12 / 22__
TRAVIS TAYLOR       Date
Defendant